UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|   Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:16-129 |
| | § | CIVIL NO. 2:18-151 |
| PEDRO ARCE-ORDONES, | § | |
|   Defendant/Movant. | § | |

**MEMORANDUM OPINION & ORDER**

Defendant/Movant Pedro Arce-Ordones filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 33). Pending before the Court is the United States of America's (the "Government") Motion for Judgment on the Record (D.E. 36), to which Movant did not respond.

**I. BACKGROUND**

On March 10, 2016, Movant pled guilty to illegal reentry in violation of 8 U.S.C. §§ 1326(a) and 1326(b). The Probation Officer used the 2015 version of the Guidelines Manual to prepare Movant's Presentence Investigation Report. Movant's base offense level was 8. He received a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(vii) because he was previously deported following a felony conviction for conspiracy to harbor aliens in the Southern District of Texas–McAllen Division. After credit for acceptance of responsibility, his total offense level was 21. With a criminal history category of IV, Movant's advisory Guideline range was 57–71 months' imprisonment.

Movant was sentenced on June 21, 2016. Defense counsel noted at the hearing that proposed amendments to the Sentencing Guidelines were scheduled to be voted on in November 2016, and, if adopted, would result in a lower advisory Guideline range of 30–37 months.

1

6/21/2016 Sent. Hrg. Tr., D.E. 18 at 3:22–4:4. The Court responded that it would "certainly take that into consideration" and noted that while it "really believed" the amendments would be adopted, "[t]here is no guarantee of that." *Id*. at 6:24–7:1. The Court then addressed Movant:

> You got 23 months for this same offense just a couple of years ago; and as [the prosecutor] Mr. Watt pointed out, you came back right after serving a 15-month sentence [for conspiracy to harbor illegal aliens]. You were deported, turned around and came right back knowing that, you know, you are breaking the law again. So I do believe you should get more time for this offense than you got before; and in considering the fact that the guidelines will more than likely be amended, I would agree with [your counsel] Mr. Jenkins in the sense that the 30 to 37 months is probably an appropriate area.
>
> I am going to give you a year – basically, a year more than you got before. I'm going to sentence you to 36 months. That's a variance. But again, it's a year more for the same offense. And who knows, I don't know where you'll be on criminal history; but you'll probably get more next time if you come back.
>
> 36 months, no supervision, no fine and a $100 special assessment.

*Id.* at 9:2-19. The Judgment, entered June 27, 2016, reflects a downward variance from the advisory range of 57–71 months to the imposed sentence of 36 months.

Movant appealed to the Fifth Circuit Court of Appeals. *Arce-Ordenas v. United States*, U.S.C.A. No. 16-40934. His appellate counsel filed a brief pursuant to *Anders* v. *California*, 386 U.S. 738 (1967), in which he analyzed the record and issues, concluded that there were no non-frivolous issues to appeal, and requested to withdraw as attorney of record. The Fifth Circuit concurred and affirmed Movant's judgment and conviction on June 20, 2017. He did not file a petition for certiorari. His conviction therefore became final on September 18, 2017—90 days after the Fifth Circuit dismissed his appeal.

Movant filed the current § 2255 motion on May 22, 2018. It is timely.

2

## II. MOVANT'S ALLEGATIONS

Movant's § 2255 motion raises two grounds for relief:

A. Trial counsel was ineffective for incorrectly calculating Movant's advisory Guideline range under the proposed amendments the Sentencing Guidelines.

B. Appellate counsel was ineffective for failing to raise the issue that the Court imposed an illegal sentence as a result of trial counsel's miscalculation of Movant's advisory Guideline range.

## III. LEGAL STANDARDS

### A. 18 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

### B. Ineffective Assistance of Counsel

An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 689 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his or her counsel's performance was both deficient and prejudicial. *Id*. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient

performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001).

In reviewing ineffectiveness claims, "judicial scrutiny of counsel's performance must be highly deferential," and every effort must be made to eliminate "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. An ineffective assistance claim focuses on "counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct[,]" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence." *Id.* at 689–90. With regard to the prejudice requirement, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. If the movant fails to prove one prong, it is not necessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir.1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

Persons convicted of a crime also are entitled to effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 394 (1985). An appellate counsel's performance is reviewed under the *Strickland* standards. *See Goodwin v. Johnson*, 132 F.3d 162, 170 (5th Cir. 1998). Effective assistance of appellate counsel does not mean that counsel will raise every available non-frivolous ground for appeal. *Evitts*, 469 U.S. at 394; *West v. Johnson*, 92 F.3d 1385, 1396 (5th Cir. 1996). Nor will counsel be deficient for failing to press a frivolous point. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Rather, it means, as it does at trial, that counsel performs in a reasonably effective manner. *Evitts*, 469 U.S. at 394.

## IV. ANALYSIS

### A. Ineffective Assistance of Trial Counsel

Movant complains that trial counsel was ineffective because he incorrectly calculated Movant's sentence under the proposed amendments to the Sentencing Guidelines. According to Movant, counsel incorrectly stated that Movant's sentencing range under the amended Guidelines would be 30–37 months, when the correct calculation would have resulted in a range of 18–24 months. Movant concludes that the Court would have sentenced him within the 18–24 month range had that range been proposed.

During sentencing, counsel correctly acknowledged that the 2015 Guidelines applied and resulted in an advisory range of 57–71 months. Though counsel was not required to do so, he raised the proposed amendments to the Guidelines, which, if passed, would result in a lower range. *See, e.g.*, *Iroegbu v. United States*, 2018 WL 1787938, *2 (N.D. Tex. Mar. 1, 2018) (counsel is not required to "be clairvoyant", predict what amendments will actually pass, and argue for the prospective application of those amendments in client's case). Trial counsel was correct that Movant's advisory Guideline range under the proposed amendments would have been 30–37 months, not 18–24 months as Movant claims.[1] Trial counsel used this proposed Guideline range to argue successfully for a downward variance in Movant's sentence.

Trial counsel was not ineffective at sentencing. This claim is denied.

---

1. Under § 2L1.2 as amended, Movant's base offense level would still have been 8. He would have received a 4-level increase for his prior illegal reentry conviction under § 2L1.2(b)(1)(a) and a 6-level increase for his prior alien harboring conviction under § 2L1.2(b)(3)(C). After credit for acceptance of responsibility, his total offense level would have been 15. With a criminal history category of IV, his advisory range under the proposed amended Guidelines would have been 30–37 months.

### B. Ineffective Assistance of Appellate Counsel

Movant similarly complains that appellate counsel was ineffective for failing to raise the issue that the Court imposed an illegal sentence as a result of trial counsel's miscalculation of Movant's advisory Guideline range.

The Court correctly calculated Movant's sentence using the Guidelines in effect at the time of sentencing. *See* 18 U.S.C. § 3553(a)(4)(A)(ii) (the sentencing court should apply the Sentencing Guidelines "in effect on the date the defendant is sentenced."); U.S.S.G. § 1B1.11(a) ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced."). The *Anders* brief filed by appellate counsel recognized that the trial court correctly applied the 2015 Guidelines and that there were no nonfrivolous grounds for appeal. *Arce-Ordones v. United States*, U.S.C.A. No. 16-40934, D.E. 513777862. Movant filed a response to the *Anders* brief, claiming the Court wrongly assessed a 10-level enhancement for his prior alien harboring conviction under the 2016 Guidelines. *Id.*, D.E. 513877231. The Fifth Circuit rejected Movant's argument and "concur[red] with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review." D.E. 32, pp. 1–2. Had appellate counsel raised this issue on appeal, the Fifth Circuit would have rejected the challenge as frivolous. *See United States v. Barton*, 879 F.3d 595, 598, 600–01 (5th Cir. 2018) (affirming because the district court should and did "apply the Guidelines in effect at sentencing" even though a pending amendment would have made an enhancement inapplicable); *United States v. Lewis*, 70 F.3d 1268, 1995 WL 696771, at *1 (dismissing appeal as "border[ing] on being frivolous" and stating that "this court will not apply a purported proposed amendment to the guidelines that has yet to take effect").

Appellate counsel was not ineffective. This claim is denied.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." RULE 11, § 2255 RULES.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84).

Based on the above standards, the Court concludes that Movant is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI. CONCLUSION

For the foregoing reasons, the Government's Motion for Judgment on the Record (D.E. 36) is **GRANTED**, and Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 33) is **DENIED**. Movant is further **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 24th day of April, 2019.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE